# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **BILLY ANTHONY HILTON** | **CASE NO. 2:18-CV-01048** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CITY OF LAKE CHARLES ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 26) filed by Defendants, Don Dixon, City of Lake Charles, (the "City"), the Lake Charles Police Department ("LCPD"), Officer Kirk Dugas ("Dugas"), Officer Robert Hammac ("Hammac") and Officer Tony Magee ("Magee") who move for summary judgment in their favor to dismiss the instant complaint. As of this date, no opposition has been filed and the time for doing so has lapsed.

## FACTUAL STATEMENT

On July 14, 2017, Officer Hammac and Cpl. Kirk Dugas were dispatched to 2934 6th St.in response to a 911 caller that reported a kidnapping.[1] Kidnapping victim, Shawna Harrington, advised dispatch that she was hiding inside the business at that address with her mother, and the perpetrator was inside a black truck in the parking lot blowing his horn; the caller feared for her safety.[2]

---

[1] Defendants" exhibits A and B, affidavits of Dugas and Magee, respectively; Defendant's exhibit C, Incident Report.
[2] *Id.*

Officer Hammac arrived at the location and parked his patrol unit behind a Black Silverado truck. The Kidnapping suspect, known as Billy Anthony Hilton ("Hilton"), fled by driving across the grass of the business property necessitating officers Hammac and Cpl. Dugas, each in separate vehicles, to purse him with lights and siren.[3] After several blocks, Hilton pulls over on 9th Street.[4] Officer Hammac pulls behind Hilton and Cpl. Dugas stops immediately behind Hammac's SUV.[5]

Officers Hammac and Cpl. Dugas repeatedly commanded Hilton to step out of his vehicle and show his hands.[6] Hilton eventually exits the vehicle exclaiming numerous expletives and making aggressive gesture towards the officers. Hilton yells at the officers to "shoot me."[7]

Hilton finally goes to his knees but refuses to comply with the officers' commands.[8] Shortly thereafter, Cpl. MaGee arrives to assist as Hilton continues to resist and refuses the officers' commands.[9] Hilton continues to resist after he gets to his feet and as the officers attempt to search his pockets.[10] As Hilton was being escorted to a patrol unit, he attempted to pull away from the officer's custody and control, and continues an abusive verbal rant toward the officers, including encouraging the officer to kill him.[11]

---

[3] Defendants' exhibits E and G.
[4] Defendants' exhibits A, B, C, E, and G.
[5] *Id.*
[6] Defendants' exhibits E and G.
[7] *Id.*
[8] *Id.*
[9] Defendant's exhibit D and F.
[10] *Id.*
[11] Defendants' exhibit F.

## S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In his Petition, Hilton alleges excessive force and battery pursuant to 42 U.S.C. § 1983. Defendants maintain that there is no genuine issue of material fact that reasonable force was used by law enforcement during the July 14, 2017, pursuit and traffic stop.

Section 1983 creates a private right of action for redressing violations of federal law by those acting under color of state law. Through 42 U.S.C. § 1983, Congress provides a damages remedy for plaintiffs whose constitutional rights are violated by state officials. *Ziglar v. Abbasi*, __U.S. __, 137 S.Ct. 1843, 1854 (2017). To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or the laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under the color of state law. *Randolph v. Cervantes,* 130 F.3d 727 (5th Cir. 1997); *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

"The use of excessive force violates the Fourth Amendment unless 'the officer[s][have] probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer[s] or to others." *Tennessee v. Garner*, 471 U.S. 1,11, 105 S.Ct.

1694 (1985)). To prevail on an excessive force claim, plaintiff must show that the force employed was objectively unreasonable. *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865 (1989). "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on the facts and circumstances of each particular case." *Darden v. City of Fort Worth*, 880 F.3d 722, 731 (5th Cir.), *cert. denied sub nom. City of Forth Worth v. Darden*, --- U.S. ---, 139 S.Ct. 69, (2018).

"In the excessive force context, a constitutional violation is clearly established if no reasonable officer could believe the act was lawful." *Darden,* 880 F.3d at 727. "Our case law makes clear that when an arrestee is not actively resisting arrest the degree of force an officer can employ is reduced." *Id.* at 731; see *Bush v. Strain¸* 513 F.3d 492, 502 (5th Cir. 2008) (holding that it was objectively unreasonable for an officer to slam an arrestee's face into a vehicle when the arrestee "was not resisting arrest or attempting to flee").

"[A]lthough a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Brown v. Lynch,* 524 Fed. Appx. 69, 79 (5th Cir. 2013). "Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only." *Id.* Consequently, "only one inquiry is required to determine whether an officer used excessive force in violation of the Fourth Amendment." *Ikerd v. Blair,* 101 F.3d 430 (5th Cir. 1996). "As long as a plaintiff has suffered 'some injury,' even

relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force." *Brown,* 524 Fed. Appx. at 79 (*quoting Ikerd,* 101 F.3d at 434).

*Qualified immunity*

Defendants defend on the basis of qualified immunity and seeks to have the claims against them dismissed. "A qualified immunity defense serves to shield a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law. *Drew v. Town of Church Point*, 2018 WL 1973247, *4 (W.D. La. 2018) (*quoting Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005)). "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (*quoting Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986)). "The bifurcated test for qualified immunity is: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the Defendant conduct was objectively unreasonable in light of the clearly established law at the time of the incident." *Id.* (*citing Hare v. City of Corinth,* 135 F.3d 320, 325 (5th Cir. 1998)).

With respect to the first factor, a constitutional right "is clearly established if, in light of pre-existing law, the unlawfulness is apparent." *Id.* To prevail on an excessive force claim, a plaintiff must show (1) injury, (2) which resulted from the use of force that was clearly excessive to the need, and (3) the excessiveness which was objectively

unreasonable. *Rockwell v. Brown*, 664 F.3d 985 (5th Cir. 2011); *Hill v. Carroll County, Mississippi*, 587 F.3d 230 (5th Cir. 2009). In making this determination, the courts recognized that the reasonableness in these circumstances "must embody allowance for the fact that police officers are forced to make split second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham v. Conner*, 109 S.Ct. 1865 (1989); *Hathaway v. Bazany*, 507 F.3d 312 (5th Cir. 2007).

Defendants argues that Hilton has failed to allege facts that their conduct was "clearly excessive to the need" or "objectively unreasonable."

Here, Defendants maintain that they had probable cause to arrest Hilton when they were responding to a reported kidnapping. Defendants have submitted summary evidence in support of their motion which clearly reveals that Hilton was given repeated commands which he initially refused and eventually complied.[12] After reviewing the summary judgment evidence (LCPD body cams), the Court finds that the LCPD used minimal force to place Hilton under arrest and Hilton has failed to create a genuine issue of fact for trial as to his excessive force claims.

*Municipal liability*

Official-capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct.

---

[12] Defendants' exhibits D, E, F, and G.

3099 (1985). Suits against state officials in their official capacity therefore should be treated as suits against the State. *Graham*, 473 U.S. at 166, 105 S.Ct. at 3105. Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.*

State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989).

A municipality may not be held liable under § 1983 solely because it employs a tortfeasor. *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 692 98 S.Ct. 2018 (1978). Municipal liability under 42 U.S.C. § 1983 cannot be sustained under a theory of *respondeat superior*. *Id.* at 694. Instead, the plaintiff must identify a municipal "policy" or "custom" that caused the injury. See, e.g., *Pembaur v. Cincinnati,* 475 U.S. 469, 480-481, 106 S.Ct. 1292, 1298-1299 (1986). The plaintiff's burden is a stringent one which forces the plaintiff to prove the municipality's inaction was taken with deliberate indifference so that the municipality disregarded the known or obvious consequence of its actions. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-389 (1989).

Hilton has failed to meet the jurisprudential criteria to show municipal responsibility concerning the City, LCPD, or former Chief Don Dixon. Hilton has failed to identify a policy maker and has only alleged in conclusory fashion that the City's policies and

practices to train, supervise, or screen were inadequate and a moving force which resulted in a deprivation of Plaintiff's constitutional rights. More importantly, Hilton has failed to submit summary judgment evidence to create a genuine issue of material fact for trial as to his allegations of a constitutional violation.

## CONCLUSION

For the reasons set forth herein, the Court will grant Defendants' motion for summary judgment in its entirety and dismiss Hilton's claims against Defendants with prejudice.

**THUS DONE AND SIGNED** in Chambers this 19th day of April, 2022.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**